IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RENORIAL RANDY IVY,  # M1437**                                           **PETITIONER**

V.                                                                          NO. 1:15-cv-00342-LG-RHW

**JACQUELYN BANKS**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [5] the Petition for Writ of Habeas Corpus filed November 16, 2015[1] by Renorial Randy Ivy pursuant to 28 U.S.C. § 2254, [8] Petitioner's amended petition filed December 7, 2015, and [12] Respondents' January 4, 2016 motion to dismiss the petition for failure to exhaust available state court remedies.  Having considered the pleadings, exhibits, records on file, and the relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief was improperly filed in this Court and should be dismissed.

Facts and Procedural History

The Petitioner, Renorial Randy Ivy, is presently confined at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi where Jacquelyn Banks is Superintendent.  According to the Mississippi Department of Corrections (MDOC) web site, Ivy is serving four sentences totaling ten years.  He entered the MDOC system September 7, 2011 and has a tentative release date of November 6, 2019.

---

[1]Plaintiff originally filed this action September 14, 2015, as a claim under 42 U.S.C. § 1983, *Ivy v. Thompson, et al.*, 1:15cv301-LG-RHW, which remains pending.  By order entered October 15, 2015, the Court severed Plaintiff's habeas claims from the § 1983 action and had the clerk open the present habeas case for Plaintiff.

On August 10, 2011, Ivy pled guilty to four crimes in the Circuit Court of Lee County, Mississippi. In case CR10-234 he pled guilty to burglary and larceny of a dwelling and was sentenced to 25 years, with ten years to serve, 15 years suspended and five years post release supervision in addition to being assessed fines and restitution. The order states that, "Upon successful release from incarceration, for any reason, Defendant is to be transported to a restitution center and is to remain there until all monies are paid in full." [12-1] In Case CR10-251 Ivy pled guilty to disposing of stolen property and was sentenced to a consecutive ten year term in custody of MDOC, with the sentence suspended conditioned on his committing no further crimes and complying with the post release supervision imposed in CR10-234. [12-2] In case CR10-224 Ivy pled guilty to another burglary and larceny of a dwelling and was sentenced to a consecutive term of 25 years, which was suspended conditioned on his committing no further crimes and complying with the post release supervision imposed in CR10-234. [12-4] And in case CR10-304 Ivy pled guilty to fraudulent use of identification information and received a consecutive five-year sentence, suspended on the same conditions. [12-5] In consideration of his pleas, the State moved to retire to the files the habitual offender allegations in cases CR10-251 and CR10-304. [12-3], [12-6]

According to MDOC documents presented by Respondent, Ivy was released on parole October 17, 2014. [12-7] Ten days later, on October 27, 2014, Ivy was "revoked to TVC (technical violation center)" for 120 days and anger management, and he was removed from Hinds Restitution Center for "disruptive behavior; threatening/intimidating behavior, and failure to follow directions." [12-9] On March 31, 2015, Ivy was placed in the Pascagoula Restitution Center, pursuant to "earned discharge."[2] Ivy's time sheet reflects an "earned discharge violation"

---

[2]The MDOC records show Ivy was "into earned discharge status 02/24/2015." [12-7, p. 2]

three weeks later, on April 21, 2015. [12-7] Ivy's parole was revoked April 22, 2015 and he was removed from Pascagoula Restitution Center for disturbing the facility and threatening to kill corrections officers. [12-8]

In the habeas petition before the Court, Ivy challenges the propriety of his parole revocation. Specifically, Ivy claims the Commander at the Restitution Center violated his rights by poorly handling and falsely reporting the incident which led to his parole revocation, that Superintendent Banks did not take his complaint seriously, Officer Fairly filed no Rule Violation Report for the incident, and he has some unspecified complaint against Officer Gandy. Ivy asks the Court to release him from custody based on his allegations that MDOC has incorrectly calculated his time and he should have "flat-timed" his sentences in 2015.

Respondent urges Ivy's claims must be dismissed as unexhausted, because Ivy has not challenged his parole revocation or his imprisonment in the Mississippi Supreme Court. Ivy filed a complaint with the MDOC Administrative Remedy Program (ARP) on June 21, 2015, which was accepted and docketed as SMCI-15-1226. The First Step Response on this ARP was issued October 9, 2015. Ivy was not satisfied with the response, but instead of completing the ARP through the Second Step, Ivy filed an appeal in Greene County Circuit Court. That court held the matter in abeyance for ninety days (until February 17, 2016) pending Ivy's proper completion of the ARP process, which was apparently accomplished on November 19, 2015 when a Second Step Response was issued on Ivy's complaint. Even then, Ivy pursued no further relief in the state courts. Before receiving a response to his ARP, Ivy had already filed suit in this Court.

<u>Law and Analysis</u>

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court ... prior to requesting federal collateral relief. *See*, *Rose v.*

*Lundy*, 455 U.S. 509 (1982)." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).  The statute which controls this action provides:

> (b)(1)  An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i)  there is either an absence of available State corrective process; or
>>
>>> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (c)  an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).  To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.  That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).  The exhaustion doctrine serves to minimize friction between federal and state systems of justice by ensuring that "state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001).  "Not only must the petitioner present the question to the state courts but he must also exhaust all available remedies to procure a correction of the error from the state courts.  28 U.S.C. § 2254(b)." *Edwards v. Thigpen*, 595 F.Supp. 1271, 1277, (S.D. Miss. 1984), *aff'd,* 849 F.2d 204 (5th Cir. 1988), *cert.*

*denied,* 489 U.S. 1059 (1989). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990).

Ivy filed his petition in this Court without affording the Mississippi Supreme Court an opportunity to address his claims. Even if he no longer has state court remedies available, the Fifth Circuit Court of Appeals has held, "When ... state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

## RECOMMENDATION

Based upon the foregoing, the undersigned United States Magistrate Judge recommends that the motion to dismiss be granted for Ivy's failure to exhaust available state court remedies prior to filing this action, and that the petition for habeas corpus relief, be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Rule 72(a)(3), *L.U.Civ.R.,* allows parties 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it. Objections must be filed with the clerk of court, served on the other parties and submitted to the assigned District Judge. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. One who fails to timely file written objections is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which

he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 27th day of April, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE