IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RENORIAL RANDY IVY, #M1437**                                    **PETITIONER**

v.                                                          CAUSE NO. 1:15CV342-LG-RHW

**JACQUELYN BANKS**                                               **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

This cause comes before the Court on the Report and Recommendation [13] of United States Magistrate Judge Robert H. Walker entered in this cause on April 27, 2016. In this Petition for Writ of Habeas Corpus, Ivy contends his parole to the Pascagoula Restitution Center was improperly revoked by the Mississippi Department of Corrections on April 22, 2015. He contends he should have been released in 2015.

The Respondent filed a Motion to Dismiss [12] based on Ivy's failure to fully exhaust state court remedies prior to seeking a writ of habeas corpus from the federal court. After reviewing the procedural history of Ivy's claim, the Magistrate Judge recommended that the Respondent's Motion be granted and the Petition dismissed.

### THE LEGAL STANDARD

Ivy filed an objection to the Magistrate Judge's findings and conclusions. The Court must review any objected-to portions de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the

record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins,* 8 F.3d 290, 293 (5th Cir. 1993).

## DISCUSSION

Review of Ivy's objection shows that it is merely a re-urging of his grounds for habeas relief. He does not address the reason his claims were found to be unexhausted – he had not brought his habeas corpus claims before the Mississippi Supreme Court before requesting habeas relief in this Court. Ivy therefore does not raise a factual objection to the Magistrate Judge's findings and conclusions. Under these circumstances, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989).

After having thoroughly reviewed the Report and Recommendation, the Court finds it neither clearly erroneous nor contrary to law. The Magistrate Judge properly found that Ivy had failed to exhaust his state court remedies prior to filing this Petition, which warrants dismissal. The Report and Recommendation will be adopted as the findings and conclusions of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and

Recommendation [13] of United States Magistrate Judge Robert H. Walker entered in this cause on April 27, 2016, should be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Respondent's Motion [12] to Dismiss is **GRANTED** and Petitioner's Petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 27th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE